# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Heidi J. Meyers, Esq.
Law Office of Heidi J. Meyers
233 Broadway, Suite 801
New York, N.Y. 10279
(212) 791-4007
HM-9696

_____

Muhammad TARIQ
Shantie Devi TARIQ

|  |  |  |
|---|---|---|
| Plaintiffs | ) | |
| | ) | |
| | ) | |
| | ) | Case No._____ |
| v. | ) | |
| | ) | Judge_____ |
| United States | ) | |
| | ) | |
| Kristjen NIELSEN, Secretary of Homeland Security | ) | PLAINTIFFS PETITION |
| Acting Deputy Director, | ) | FOR |
| U.S. Citizenship and Immigration Services; | ) | A WRIT OF MANDAMUS |
| Lee Francis CISNA, Director, | ) | |
| U.S. Citizenship and Immigration Services; | ) | |
| Ronald D. VITIELLO, Deputy Director, | ) | |
| U.S. Immigration and Customs Enforcement; | ) | |
| Christopher WRAY, Director, | ) | |
| Federal Bureau of Investigation | ) | |
| Jefferson B. SESSIONS III, Attorney General | ) | |
| Thomas CIOPPA, NYC USCIS District Director | ) | |
| | ) | |
| Respondents. | ) | |

_____

PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY
RELIEF

COME NOW Muhammad Tariq and his wife Shantie Devi Tariq, Plaintiffs in the
above-styled and numbered case, and for their cause of action would show the court the
following:

## I.   INTRODUCTION

1. This action is brought against the Defendants to compel action on a marriage petition, Form I-130, petition for alien relative, the "marriage petition". The marriage petition was filed on May 22, 2015, more than three years ago, and remains within the jurisdiction of the Defendants, who have improperly withheld action on said petition and applications to Plaintiffs' detriment.

2. This action is also brought to compel Defendants to provide Plaintiffs with the purported derogatory evidence on which they relied to issue a Notice of Intent to Deny (NOID) the marriage petition.

3. Plaintiffs are also seeking declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 and the Administrative Procedure Act ("APA"). 5 U.S.C. 701 et seq., seeking the release of records withheld by DHS, including all derogatory information, including but not limited to DHS's accusation that Plaintiff Mr. Tariq had filed a fraudulent relative petition with a false US citizen mother, Afzal Bibi Malik, that DHS produce and provide us with any and all documentation of the I-130 petition filed by Afzal Bibi Malik, and how DHS believes this petition is connected to Mr. Tariq, so we can properly defend Mr. Tariq against this allegation. It is essential that Mr. Tariq be provided with these records in order to defend himself against this scurrilous accusation, both for purposes of the marriage petition and for purposes of the pending removal proceedings.

4. Mr. and Mrs. Tariq have met the burden of proof to demonstrate bona fide marriage, which is a preponderance of the evidence standard.

## II.    PARTIES

5. Plaintiff Muhammad Tariq is a citizen of Pakistan, 51 years old, who has lived in the U.S. since arrival.  He became a lawful permanent resident on July 15, 1997, and naturalized to U.S. citizen on October 5, 2002.  Because he had not admitted on his immigration application forms that he had previously applied for asylum in 1992 using a false name, he was convicted on August 27, 2012 of 18 U.S.C. 1425(a), unlawfully attempting to procure and procuring naturalization. His naturalization was revoked March 6, 2013. He works as a commercial truck driver.

6. He has been married to a U.S. citizen, Shantie Devi Tariq, since July 25, 2012, for more than six years.  However, he and his wife have a long-standing prior relationship, dating back to 1999, for about 19 years.  He helped her raise her sons, and takes a very active role in the life of Shantie's grandson, who is very attached to him.  His wife Shantie has been disabled since May 2014, has chronic pain, and relies heavily on her husband not only for financial support, but also for the love and emotional support to deal with chronic pain and disability.  She has been unable to work since May 2014, for more than four years, and her husband Muhammad Tariq supports her.

7. Plaintiff Shantie Devi Tariq, A#075-812-583, is 57 years old and a U.S. citizen. She has resided in the US since 1994, for more than 24 years.  She has been completely disabled and confined to a wheelchair since September 2017, after surgery.  Prior, she was rendered disabled due to a work-related injury on May 28, 2014.  She has been disabled with chronic pain for more than four years, and has been totally unable to walk and wheelchair-bound for about the past almost

one year.  She has three adult children, two of whom are U.S. citizens and the

third a lawful permanent resident.  She also has U.S. citizen grandchildren. On

May 22, 2015, she filed the marriage petition, Form I-130 on her husband's

behalf, which remains pending.

8. Shantie Devi Tariq is a devoted Christian, has a long history of involvement in

church activities and her ladies' prayer group, has never visited Pakistan and

does not speak Urdu.  She speaks only English.  She has a common Hindu name,

and fears persecution should the marriage petition not be approved and they have

to move to Pakistan.

9. Defendant Kristjen Nielsen is the Secretary of the Department of Homeland

Security of the United States (the "Secretary"), and this action is brought against

her in her official capacity. She is generally charged with enforcement of the

INA, and is further authorized to delegate such powers and authority to

subordinate employees of the Department of Homeland Security. INA § 245, 8

U.S.C. §1255. The USCIS is an agency within the Department of Homeland

Security to whom the Secretary's authority has in part been delegated, and is

subject to the Secretary's supervision.

10. Defendant, Lee Francis Cisna, is Director of the US Citizenship and Immigration

Service ("USCIS"), and is generally charged with the administration of the

benefits governed by the INA, including adjudication of I-130 marriage petitions.

INA § 103(c); 8 U.S.C. §1103(c).

11. Defendant, Ronald D. Vitiello, is the Deputy Director of US Immigration and
Customs Enforcement ("USICE") and is responsible for investigations and
enforcing federal immigration laws.

12. Defendant, Christopher Wray, is the Director of the Federal Bureau of
Investigation, and is responsible for completing background and security checks
on aliens.

13. Defendant Thomas Cioppa is the District Director of the New York USCIS
District, and is responsible for the adjudication of immigration benefits in the
New York District, including I-130 marriage petitions.

## III.    JURISDICTION

14. Jurisdiction in this case is proper under the federal question statute, 28 U.S.C.
§§1331, Mandamus and Venue Act, 28 U.S.C. 1361, the Administrative
Procedure Act, 5 U.S.C. § 701 *et seq*., and the Declaratory Judgment Act, 28
U.S.C. § 2201 *et seq*. Relief is requested pursuant to said statutes.

15. Plaintiffs are also claiming jurisdiction under 5 U.S.C. §552(a)(4)(B), under
which the federal district courts have jurisdiction to hear claims challenging an
agency's FOIA decisions.

## IV.    VENUE

16. Venue is proper in this court pursuant to 28 USC §1391(e), in that this is an
action against officers and agencies of the United States in their official

capacities, brought in the district where the Defendant USCIS office handling their case is located and where a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred.  Plaintiffs had an interview regarding the marriage petition at the USCIS office located at 26 Federal Plaza, New York, New York, and, to Plaintiffs' knowledge, the application remains pending with that office.

## V.      EXHAUSTION OF REMEDIES

17. Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquiries concerning the status of the I-130 marriage petition, have requested that USCIS produce all derogatory evidence against Mr. Tariq, with no result, have not been provided with the purported derogatory evidence and have been advised that the marriage petition is still pending.

18. While Plaintiff Mr. Tariq is in removal proceedings, the Immigration Judge has no jurisdiction over I-130 marriage petitions.  USCIS (the benefits part of DHS) has sole jurisdiction to adjudicate an I-130 marriage petition. See, e.g., *Matter of Molham*, 2008 WL 4868678 (BIA 2008), "Whatever the intentions of the Immigration Judge, he lacked jurisdiction to question the propriety of the approved I-130" and *Matter of Tawfik*, 20 I&N Dec. 166,168 (BIA 1990), "The determination is to be made on behalf of the Attorney General by the district director [i.e., USCIS] in the course of his adjudication of the subsequent marriage petition". Likewise, the Immigration Judge has no jurisdiction over FOIA requests to DHS (including USCIS, ICE and CBP).  Thus, these issues

cannot be resolved in removal proceedings, and Plaintiffs have exhausted all their administrative remedies.

19. Plaintiffs have also made FOIA requests to USCIS and USICE, and after receiving inadequate responses, have appealed within the agency, to no avail.

## VI.    RELEVANT STATUTORY AND REGULATORY FRAMEWORK

20. Defendants, specifically the USCIS acting under the authority of the Attorney General and the Secretary for DHS, have the unique authority and duty to administer and enforce the immigration laws of the United States. 8 USC §1103.

21. The term "immediate relative" includes spouses of U.S. citizens.  Immediate relatives are not subject to the numerical limits placed on aliens who may be issued immigrant visas or admitted to the United States for permanent residence. INA 201, 8 USC 1151(b). The U.S. citizen spouse to whom the alien is married must file a Form I-130 on the alien's behalf with the USCIS to establish the existence of the relationship. 8 USC 1154(a)(1)(A)(i).  The USCIS shall approve the petition if it determines, after investigating the facts in each case, that the facts stated in the petition are true and the alien is an immediate relative.  8 USC 1154(b).

22. The federal regulation, 8 CFR 204.1, specifies that the petitioner who is a US citizen may file a petition on behalf of a spouse.  8 CFR 204.2(a)(2) specifies the evidence which must be filed in support of a marriage petition.  In addition to evidence of U.S. citizenship, the petitioner must also provide evidence of the claimed relationship.  The petition must be accompanied by passport-style

photos of both the petitioner and beneficiary, as well as a marriage certificate, and proof of termination of all prior marriages of both spouses.

23. Thus, according to both the statute and regulations, the petitioner and beneficiary must only proof the validity of the marriage, both that it is a legal marriage, and also that they married with the intention of spending their lives together (i.e., that it is not a fraudulent marriage for immigration purposes).

24. Issues of inadmissibility and removability (deportability) do not arise in the adjudication of a marriage petition, only the genuineness of the marriage itself.

25. Issues of inadmissibility and removability are determined at the time of adjudication of an application for adjustment to permanent residency, Form I-485. Only the genuineness of the marriage is at issue in an I-130 marriage petition.

26. According to 8 C.F.R. 103.2(b)(16), the USCIS must provide the applicant or petitioner with any derogatory evidence in the file and allow them to rebut it:

(16) Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs:
(i) Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered….

27. The regulation provides an exception only for classified information. Thus, Defendants have a non-discretionary duty to turn over to Plaintiffs whatever derogatory evidence they have and provide them an opportunity to rebut it.

28. The regulation further states that a determination of statutory eligibility shall be based only on information disclosed to the applicant or petitioner:

   (ii) Determination of statutory eligibility. A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the application or petitioner, except as provided in paragraph (b)(16)(iv) of this section.

29. The only exception is for classified information.

30. Upon information and belief, none of Petitioners' files involve classified information, and this exception does not apply.

31. The burden of proof is on the petitioner and foreign beneficiary to prove eligibility for the benefit, and the standard of proof is by a preponderance of the evidence. U.S. Citizenship and Immigration Services, Adjudicator's Field Manual, Chapter 11 Evidence, 11.1 Submission of Supporting Documents and Consideration of Evidence.

32. According to the USCIS Adjudicator's Field Manual, Chapter 11.5 Outside Sources and Other USCIS Records: "Title 8 CFR 103.2(b) provides that USCIS may consider other evidence from its files or from other sources when adjudicating an application or petition. It is important to remember however, that before you base an adverse decision on such information you provide the applicant or petitioner with an opportunity to rebut the information, unless the applicant or petitioner was already aware of such information, or could reasonably be assumed to be aware of such information."

33. Because Mr. and Mrs. Tariq married prior to the initiation of removal proceedings, the higher standard of proof in INA 245(e)(3) is not required.

34. Following the USCIS's approval of the US citizen's I-130 petition, an immigrant visa is immediately available to the alien, and the alien is eligible for an adjustment of status to that of permanent resident. 8 USC 1255(a); 8 CFR 245.2(a)(2). In this case, Petitioner Mr. Tariq is in removal proceedings, and he will "re-adjust" as relief from removability, allowing him to remain in the U.S. as a lawful permanent resident.

35. The term "lawfully admitted for permanent residence" means "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed" 8 U.S.C. §101(a)(20).


## VII.   STATEMENT OF FACTS

36. On May 22, 2015, Mrs. Tariq filed an I-130 marriage petition on behalf of her husband Mr. Tariq, with USCIS Nebraska Service Center, Receipt Number LIN1591117156, which was then transferred to the local USCIS Field Office, 26 Federal Plaza, New York NY 10278.  Once approved, the I-130 would form the basis for Mr. Tariq to re-adjust to permanent residency as relief from removal. USCIS is the agency to have sole jurisdiction over the adjudication of I-130 marriage petitions; the Immigration Judge has no jurisdiction to adjudicate them. Thus, the marriage petition has been pending for more than three years and still has not been adjudicated.

37. On December 21, 2015, Counsel's staff made an inquiry with USCIS Customer Service as to the status of the I-130 marriage petition because it had been pending for longer than normal processing times.

38. On December 24, 2015, USCIS at 26 Federal Plaza, New York, NY 10278 responded, stating the following: "Our records show that your Form I-130 is currently pending adjudication. We regret that we are unable to provide you with a completion date at this time. We apologize for the delay."

39. On May 2, 2016, Counsel sent a letter to Mr. Bryan P. Christian, Field Office Director of the New York USCIS Field Office, inquiring about the status of the marriage petition, and reminding Mr. Christian that the normal processing time is five months, and that the I-130 had been filed on May 22, 2015, almost one year ago, and was thus past normal processing times.

40. On May 12, 2016, USCIS Field Office Director Mr. Christian emailed Counsel, stating that the file was in transit to ICE Litigation, and that he had asked his staff to retrieve the file.

41. On May 13, 2016, Mr. Christian followed up with another email stating that he had reviewed the file and that USCIS had made a decision on both the I-130 and I-601 on May 3, 2016.

42. Counsel then received two decision letters from USCIS dated May 3, 2016 denying both the I-130 and I-601, stating that because Mr. Tariq was already a lawful permanent resident, there was no basis for the I-130 or I-601, disregarding the fact that the Form I-130 clearly stated he was in removal proceedings.

43. The decision by USCIS was incorrect as a matter of law, because Mr. Tariq was filing the I-130 to form the basis for relief in removal proceedings. However, the Immigration Judge has no jurisdiction over a Form I-130 marriage petition. Only USCIS has jurisdiction over an I-130 marriage petition.

44. On May 24, 2016, Counsel emailed Mr. Christian, that USCIS may have been confused because Mr. Tariq has two A#s, A#076-181-989, which is on his current green card, and A#204-875-149, which is the A# in removal proceedings. The I-130 also has the box checked yes, that he is in removal proceedings, and the I-601 cover letter also states that he is in removal proceedings. While the USCIS denial notices used the same A# as for his removal proceedings, they had as the sole reason for denial that he is already a permanent resident. Counsel requested Mr. Christian to re-open and adjudicate the applications.

45. The same day, May 24, 2016, Mr. Christian replied stating that there had already been an adjudication, and requesting that Counsel submit evidence that USCIS committed clear error.

46. On May 24, 2016, Counsel filed an administrative appeal, EOIR-29 with the USCIS National Benefits Center, and also sent a courtesy copy to USCIS Field Office Director Mr. Christian.

47. On June 7, 2016, Counsel received an email from Mr. Christian stating that he had received the EOIR-29 appeal of the denials of the I-130 and I-601, and that the appeal should be filed with the USCIS Service center.

48. Counsel responded that we had already filed the EOIR-29 with the Chicago Lockbox, and had just sent him a courtesy copy.

49. Mr. Christian responded by email that he had not realized that, and had asked his staff to interfile his copy of the EOIR-29.

50. On February 13, 2017, Counsel emailed Mr. Christian reminding him that Mr. Tariq was going to have another hearing in Immigration Court on February 17, 2017, and that the Immigration Judge was waiting for USICE to straighten out the situation with USCIS.

51. On March 27, 2017, the local NY USCIS, 26 Federal Plaza, NY, NY 10278, issued a decision granting our motion to reopen the I-130 marriage petition.

52. Thus, the I-130 marriage petition was again pending.  All this time had gone by because of USCIS's error.

53. After making many follow-up phone calls to USCIS without success to get an interview scheduled on the marriage petition, Counsel's paralegal Henry Man emailed USCIS Queens Field Office Director Brian J. Meier, requesting that Mr. and Mrs. Tariq be interviewed early in May 2017, as Mr. Tariq was scheduled for an immigration court hearing on June 9, 2017 and would like for his I-130 to be approved before then.

54. On May 18, 2017, USCIS DAO interviewed Muhammad Tariq and Shantie Tariq regarding their marriage petition. The interview appeared to go smoothly, and the DAO did not request any additional documents.  At the interview, no mention at all was made of the false allegation against Mr. Tariq that he had a prior false relative petition through a fake mother.  Thus, this was never brought to our attention during the interview and we had no opportunity to respond

to it.  Second, no mention at all was made that Mr. Tariq's identity was an issue at the interview.

55. The only issue in the adjudication of the I-130 marriage petition is whether Mr. and Mrs. Tariq have a bona fide marital relationship.  The couple is living in a bona fide marital relationship and there is no legitimate reason to doubt the validity of their marriage.

56. Counsel then received a Notice of Intent to Deny (NOID) from USCIS incorrectly claiming that "he used the name of Tariq Masood Malik with a date of birth of January 9, 1962, and an immigration visa petition (Form I-130) was submitted on the beneficiary's behalf by Afzal Bibi Malik, who had claimed to be his U.S. citizen mother".  This is wrong. Upon information and belief, Mr. Tariq has never claimed to be such person and never submitted such a petition.

57. To date, Plaintiffs have never been provided any purported evidence upon which this mere accusation has been made.

58. In the NOID, USCIS also incorrectly claimed that Mr. Tariq had not proven his identity.

59. Counsel then served by hand our response to USCIS on July 7, 2017, submitting originals of eight documents proving his identity, as well as six affidavits of birth attesting to Mr. Tariq's identity.  The originals and affidavits were all served by hand by my staff Henry Man, and our copy was stamped received.

60. The purpose of providing the original documents to USCIS was to prove Mr. Tariq's identity and provide them with the opportunity to do forensics on the original documents.

61. Counsel did not hear anything back from USCIS and did not receive any response.

62. On November 6, 2017 we sent a follow-up letter to USCIS.

63. On January 9, 2018 we sent a third letter inquiring about the status of the forensics of the identity documents to both the USCIS Queens Field Office Director Meier and DAO Cruz, and our request for any and all documents or other records and evidence regarding their allegation that he had a prior fraudulent relative petition. We repeatedly called Mr. Meier to no avail.

64. Counsel repeatedly tried to obtain an InfoPass appointment to go in person to complain of the lack of response on the I-130, but the USCIS NY District web site shows no appointments available. On March 25, 2018, we emailed the Customer Service Unit (InfoPass) Section Chief requesting his assistance in inquiring about the I-130. On April 4, 2018 we emailed Mr. Meier requesting that he follow-up with the pending I-130.

65. In March 2018, we sent another follow-up letter to Mr. Meier. On August 8, 2018, we again sent a follow-up letter to Mr. Meier regarding the pending I-130, enclosing Mrs. Tariq's affidavit regarding the persecution she fears she and her husband will suffer should they have to go live in Pakistan, as well as recent photos of Mr. and Mrs. Tariq showing that Mrs. Tariq is wheelchair-bound.

66. To date, we have not received any response.

67. Obviously, the unsupported accusation of a false prior relative petition through a fake mother prejudices Mr. Tariq's case, both his marriage petition and the removal proceedings. Moreover, Mr. Tariq's identity was previously proven during federal criminal proceedings, in which USICE were closely involved. He

would not have been released on bail had the FBI and ICE not been assured of his identity. We have submitted more than enough original documents and affidavits to USCIS to prove Mr. Tariq's identity. However, this has been languishing since we filed our response in July 2017, with no response from USCIS and no indication as to whether they have sent his original documents for forensics. Any relief from removal is in jeopardy if there is any question about Mr. Tariq's identity.

68. Additionally, Plaintiffs have made FOIA requests to USICE and USCIS, and have been improperly denied many pages of documents, and information improperly withheld. The documents requested are evidentiary and relevant. Plaintiff Mr. Tariq can neither adequately defend himself in his marriage petition with USCIS nor can he adequately prepare for a removal hearing in immigration court on the merits without such production.

69. On July 5, 2017, Plaintiff Muhammad Tariq filed a FOIA request with USICE, and on July 6, 2017, USICE forwarded the request to USCIS.

70. On April 20, 2018 the USICE FOIA Office released 52 pages of records to the Plaintiff, while making withholdings under FOIA exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

71. On May 1, 2018, USCIS responded to the FOIA request, only releasing 1,716 pages out of a total of 2,622 pages. 261 pages were released only in part, and USCIS withheld 563 pages.

72. On June 7, 2018 and June 13, 2018, Plaintiff appealed the FOIA response and claimed FOIA exemptions with USICE.

73. On June 29, 2018 ICE responded to our FOIA appeal, upholding the decision to withhold certain documents.

74. Aside from the withheld documents, we asked DHS, USICE and USCIS Queens Field Office to provide the following:

   a)  Any and all documentation, records, forms, emails, audio and video recordings, of the I-130 petition filed by Afzal Bibi Malik, and how USCIS believes this petition is connected to Mr. Tariq;

   b)  Results of any forensics evaluation of Mr. Tariq's identity documents,

   c)  If there are no results of the forensics, any and all documentation regarding whether the documents were even sent for forensics; and

   d)  Also return to Counsel of Mr. Tariq's original documents and affidavits.

75. Accordingly, Plaintiffs have been forced to file in federal court.

## VIII. CAUSES OF ACTION

### First Cause of Action

### (Violation of Administrative Procedures Act, 5 U.S.C. 701 et seq.)

76. Plaintiffs, Mr. and Mrs. Tariq, reallege Paragraphs Numbered 1 through 74 of this Complaint as though again set forth in their entirety.

77. More than three years have elapsed since the I-130 marriage petition was filed, and there is still no answer as to the decision of the case.

78. Defendants are charged by law with the non-discretionary regulatory obligation to turn over to Mr. and Mrs Tariq any derogatory information and allow them the opportunity to rebut it prior to adjudication of the I-130 marriage petition.

79. Defendants are charged by law with the statutory obligation to adjudicate Mr. and Mrs. Tariq's marriage petition, Form I-130.

80. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, turn over the purported derogatory evidence to Plaintiffs to allow them to rebut it, and have refused to adjudicate Plaintiffs' marriage petition, thereby Mr. and Mrs. Tariq of the right to challenge any derogatory evidence in the file and their right to a decision on the husband's status to which Plaintiffs are entitled.

81. Mr. Tariq is currently in removal proceedings in New York Immigration Court, before Immigration Judge Jesse Christensen. Adjudication of the I-130 marriage petition is essential to him, so he can then apply to re-adjust to permanent residency in removal proceedings.  The Immigration Judge has no jurisdiction over I-130 marriage petitions, and cannot force USCIS to adjudicate it.  In spite of the fact that at the last court appearance, February 2018, IJ Christensen expressed his "fervent hope" that the marriage petition would be adjudicated, DHS has not budged.

82. The only issues in this I-130 marriage petition are whether the petitioner, Ms. Shanti Tariq, is a U.S. citizen, which is proven, and whether the marriage itself is bona fide, i.e., whether the husband and wife intended to spend their lives together at the time of the marriage.  See, 8 CFR 204.2(a).  In this case, we have demonstrated with abundant evidence that this is a bona fide marriage.  Mr. Tariq's identity has already been proven in his prior federal criminal proceeding,

in which DHS HSI was closely involved.  Additionally, Mr. Tariq has submitted more than enough documentation to prove his identity.

83. The USCIS is adjudicating only the marriage petition, and not the application for adjustment to permanent residency, since Mr. Tariq is in removal proceedings. The Immigration Judge now has jurisdiction over the Form I-485.

84. Thus, USCIS does not have jurisdiction over any issues of deportability (removability) or inadmissibility.  Deportability or inadmissibility issues are not part of the determination of a marriage petition, Form I-130.  The USCIS is exceeding its jurisdiction by involving itself in issues of deportability and inadmissibility when it determines that because of past fraud in immigration applications, the beneficiary should not be eligible for approval of a marriage petition.  The USCIS is improperly trying to usurp the jurisdiction of the Immigration Judge.

85. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555(b), 701 et seq., because they are unlawfully withholding or unreasonably delaying action on Plaintiff's applications and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiffs' case.

86. Plaintiffs have made numerous inquiries in an attempt to secure adjudication of their applications, all to no avail. Accordingly, Plaintiffs have been forced to pursue the instant action.

**Second Cause of Action**
**(Mandamus Act, 28 U.S.C. 1361)**

87. Plaintiffs, Mr. and Mrs. Tariq, reallege Paragraphs Numbered 1 through 74 of this Complaint as though again set forth in their entirety.

88. More than three years have passed since the Forms I-130 marriage petition was filed, and there is still no answer as to the decision of the case.

89. Defendants are charged by law with the statutory obligation to adjudicate Mr. and Mrs. Tariq's marriage petition.

90. Relief under the Mandamus Act, 28 U.S.C. 1361 is appropriate in this case because Defendants owe a clear non-discretionary duty to the Plaintiff to adjudicate the applications and Defendants have been derelict in this duty.

**Third Cause of Action**
**(Declaratory Judgment Act, 28 U.S.C. 2201)**

91. Plaintiffs, Mr. and Mrs. Tariq, reallege Paragraphs Numbered 1 through 74 of this Complaint as though again set forth in their entirety.

92. Plaintiffs seek a declaration that Defendants' actions are unlawful and constitute violations of legal duties that Defendants owe to the Plaintiff under the INA.

**Fourth Cause of Action**
**8 C.F.R. 103.2(b)(16)**

93. Defendants have violated federal regulations, 8 C.F.R. 103.2(b)(16) by not allowing Plaintiffs "the opportunity to inspect and rebut adverse information" in the adjudication of their marriage petition, Form I-130.

**Fifth Cause of Action**
**Defendants have violated their own policies**
**and procedures, violating the APA**

94. Defendants have violated their own policies and procedures by failing to follow their own procedures which require them to provide all derogatory evidence in their files to Plaintiffs.


**Sixth Cause of Action**
**FOIA 5 U.S.C. 552 and 5 U.S.C. 552a**
**Improper Claim of FOIA Exemption (b)(5)**

95. Defendants have improperly claimed FOIA exemption (b)(5) to protect from disclosure portions of intra-agency documents containing attorney work-product prepared in anticipation of litigation. The Defendants cannot show that the documents were prepared or obtained because of the threat of litigation, because there was not "subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable".  In re Sealed Case, 146 F.3d 881, 884 (D.C.C. 1998).

96. There are two additional privileges under Exemption (b)(5), first, the deliberative process privilege, and second, the attorney-client privilege.  However, ICE is not claiming any exemption based on these other two privileges, but only based on the third, attorney work-product prepared in anticipation of litigation.


**Seventh Cause of Action**
**FOIA 5 U.S.C. 552 and 5 U.S.C. 552a**
**Improper Claim of FOIA Exemption (b)(6)**

97. Defendants have improperly claimed FOIA exemption 6, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Defendants

have improperly failed to comply with Plaintiffs' FOIA requests, improperly withholding documents. Defendants are improperly blocking out the titles and names of ICE agents, officers, and employees, who took various official actions and filed various official forms and reports in their official capacity.  As public servants acting in their official capacity, their names and titles should not be withheld.  This information does not constitute "personnel" files or any personal information of these public servants, but rather only them acting in their official capacity.

**Eighth Cause of Action**
**FOIA 5 USC 552 and 5 USC 552a**
**All other claimed FOIA exemptions are also improper**

98. Defendents have improperly claimed other FOIA exemptions as well, violating 5 USC 552 and 552a.

**Ninth Cause of Action**
**8 U.S.C. 1229a(c)(2)(B)**

99. According to 8 USC1229a(C)(2)(B), INA 240(b)(4)(B), Congress has provided that to meet his burden of proof in removal proceedings, "the alien shall have access" to all his immigration records.  Thus, Mr. Tariq has a statutory right to his entire A files. However, both the DHS (USICE) and the EOIR (Executive Office for Immigration Review, including the Immigration Court and BIA), take the position that they do not have the authority to order DHS to turn over an alien's A file.  Both take the position that the alien can obtain his or her A file only by filing a FOIA request.  Thus, Mr. Tariq has no recourse through the Immigration Courts or through the BIA to vindicate his statutory right to obtain

his entire A file under 8 USC 1229a(C)(2)(B).  The DHS has violated Mr.

Tariq's right to his entire A files.

### Tenth Cause of Action
### Fifth Amendment to the US Constitution

100.　　Defendants have violated Plaintiffs' rights to due process and equal

protection of the laws under the Fifth Amendment to the US Constitution.

### Eleventh Cause of Action
### (Equal Access to Justice Act)

101.　　Plaintiff hereby incorporated the information in paragraphs 1 to 76 above

as if fully set forth herein.

102.　　Plaintiff seeks attorney's fees and costs under the Equal Access to Justice

Act ("EAJA"), as amended 5 U.S.C § 504 and 28 U.S.C. § 2412.


## IX. PRAYER

103.　　Wherefore, in view of the arguments and authorities noted herein, Plaintiff

respectfully pray that Court enter an order:


(a)  Requiring Defendants to provide all derogatory evidence in their file to allow Plaintiffs to respond to it.
(b)  Requiring Defendants to adjudicate the Form I-130 marriage petition.
(c)  Requiring Defendants to produce all withheld documents and evidence wrongfully withheld under FOIA.
(d)  And declare the Defendants' policies, practices and customs, which deprive the Plaintiffs processing of their marriage petition and application for lawful permanent resident status in the United States, violate the U.S Constitution, the INA and the APA;
(e)  and grant judgment in favor of Muhammad Tariq and Shantie Devi Tariq and against DHS, USCIS, and USICE, for costs and all other relief to which Mr. and Mrs. Tariq may be entitled under the law and evidence.
(f)  Granting such other relief at law and in equity as justice may require.


Respectfully submitted,

_____ s/ _____

Heidi J. Meyers
*Counsel for Plaintiffs*
Law Office of Heidi J. Meyers
11 Broadway, Suite 925
New York, N.Y. 10004
(212) 791-4007
heidimeyerslaw@gmail.com
HM-9696

Dated: August 14, 2018
        New York, NY